BATSON v. ROSOFA et al.

(Circuit Court of Appeals, Second Circuit. January 12, 1921.)

No. 95.

Appeal and error ☞999(1)—Construction of writing by jury not reviewable.

Where a writing might have either of two meanings, its construction by the jury under fair instructions is not reviewable.

In Error to the District Court of the United States for the Southern District of New York.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action at law by Roland R. Batson against Juan Bianchi Rosofa and others. Judgment for defendants, and plaintiff brings error. Affirmed.

For opinion on former appeal, see 261 Fed. 874.

Koenig, Sittenfield & Aranow, of New York City, for plaintiff in error.

Bouvier & Beale, of New York City, for defendants in error.

Before WARD, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. The plaintiff contended that he earned his commission of 2 per cent. upon the whole issue of West Porto Rico Sugar Company stock upon getting Toole Henry & Co. to sign Exhibit C. The defendants, on the other hand, contended that he could only earn a commission on performance by underwriters of their subscriptions.

Exhibit C might be construed to be only a form of syndicate agreement to be thereafter signed by the underwriters, Toole Henry & Co. only agreeing to act as syndicate managers. On the other hand, it might be construed as an underwriting of the whole issue by Toole Henry & Co., they also to act as syndicate managers.

In this connection must be considered the defendants' letter of March 25, 1918, in which they agreed to pay the commissions if any member or members of the syndicate failed to perform because of any acts of omission or commission on their part, but that no commission was to be paid if they refused to carry out the agreement. There was no evidence that the defendants prevented any underwriter or underwriters from carrying out their agreement.

Judge Knox submitted the question fairly to the jury. Their verdict in favor of the defendants must be taken as adopting the defendants' construction. None of the assignments of error justifies reversing the judgment, and it is therefore affirmed.