**ARMOUR FERTILIZER WORKS v. JACOBUS–GRAUWILLER CO. et al.**

**DONOVAN et al. v. MURPHY et al.**

Circuit Court of Appeals, Second Circuit.
June 4, 1928.

No. 245.

1. Shipping ⬅42(1)—Knowledge of leaky condition of barge, possessed by libelant's foremen, put libelant on notice and precluded recovery for cargo damages from unseaworthiness.

Where libelant's foreman, in charge of loading fertilizer on barge furnished by libelee under agreement to transport safely, testified that he saw water leaking into barge, and that he did not think it was safe to load the boat, and general foreman had same knowledge of this condition, libelant was put on notice of unseaworthy condition of barge, and it was its duty to cease loading, precluding it from recovering damages to the cargo from water.

2. Appeal and error ⬅1008(1)—District Judge's finding on facts will not be disturbed on appeal.

District Judge's finding on facts will not be disturbed on appeal.

Appeal from the District Court of the United States for the Southern District of New York.

Libel for cargo damages by the Armour Fertilizer Works against the Jacobus–Grauwiller Company, which impleaded Ethan Murphy, Timothy J. Donovan and another, with cross-libel by Timothy J. Donovan and another against Ethan Murphy and others. Decree for respondents, and libelant appeals. Affirmed.

Duncan & Mount, of New York City (Russell T. Mount and Frank A. Bull, both of New York City, of counsel), for libelant appellant.

Alexander & Ash, of New York City (Edward Ash, of New York City, of counsel), for respondent appellee Jacobus–Grauwiller Co.

Foley & Martin, of New York City (James A. Martin and Edward E. Elder, both of New York City, of counsel), for appellees Donovan and Tucker.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellee Murphy.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. The appellee Jacobus–Grauwiller Company furnished to the appellant the barge Walter Bros., to carry bags of fertilizer, which appellee Jacobus–Grauwiller Company agreed to carry safely from Chrome, N. J., and deliver them alongside the steamship San Juan, lying at a pier in the harbor of New York. Loading the fertilizer on the Walter Bros. was completed August 21, 1920, at 3 p. m., and at about 11 p. m. that night, while the barge was still moored at the appellant's wharf at Chrome, it was discovered that she was leaking badly, as a result of which 750 bags were damaged by water. Basing its claim on the unseaworthiness of the barge, the appellant sued for its damages. The contract of lighterage provided:

"Boats: The lighterers agree to furnish only seaworthy boats for this service, satisfactory to the companies with whom shippers carry marine insurance, and the shippers

shall have the right to refuse to load any craft apparently unseaworthy, and the lighterers shall bear all expense occasioned by unseaworthy craft."

Appellee Jacobus-Grauwiller Company interpleaded, under the fifty-sixth rule in admiralty, Ethan Murphy, alleging that, if any loss to this cargo was sustained as set forth in the libel, it was the fault of the appellee Murphy, in that the lighter was not seaworthy, as warranted by him, and not fit to carry the fertilizer referred to in the libel. He further alleged that in furnishing the barge to the appellee Jacobus-Grauwiller Company he acted solely as the latter's agent in obtaining the barge from appellees Donovan and Tucker. Donovan and Tucker were then interpleaded by Murphy, upon the allegation that the damage sustained by the cargo was due to them.

The Walter Bros. was a canal boat of 350 tons' capacity, built in 1895 and last sold to the appellees Donovan and Tucker for $300. At the time she was tendered to the appellant, she had carried sand for over 15 years, and in November, 1918, was laid up in a winter basin, and remained there until July, 1920, when she was sold. No painting or caulking had been done on her from November, 1918, to July, 1920, during which time the boat had lain idle, exposed to the sun. In July she was drydocked, painted, and caulked from the waterline up. The appellant knew nothing of the history of the barge, nor her condition, other than what was learned at the time of the loading. When she arrived for loading, the appellant's general foreman looked down into the hold and saw no leaking, and concluded that she was in fit condition to load the cargo. This was the extent of the examination made on behalf of the appellant. She was loaded with fertilizer weighing about 250 tons. The bags were stowed with their length running fore and aft.

[1] The court properly found Walter Bros. to be unseaworthy, and that, although she might have been more skillfully loaded, still, if she was seaworthy, she would have withstood the resulting strain. He also found that, "aside from the evidence afforded by the leak, none knew the condition of the bottom of the boat." But it was held that the leak was such as to put the appellant on notice as to the possible and probable unseaworthiness of the barge, and that the appellant was not justified in proceeding with the loading, nor could it rely upon the repairs undertaken by the captain during the loading; that it should have ascertained the actual condition of the barge, or communicated with responsible sources. The appellant's foreman, who had charge of loading the barges, testified that water was streaming down the sides, and he saw it; that, when he saw the water leaking in the sides, he did not think it was safe to load the boat. The general foreman had equal knowledge of this condition. With such knowledge, they continued loading the boat. The trial judge accepted this as notice to the appellant of the unseaworthy condition of the boat. It was sufficient to put them on notice. Kelly v. Overseas Co. (D. C.) 7 F.(2d) 732, affirmed (C. C. A.) 7 F. (2d) 734; Davis v. Dittmar (C. C. A.) 6 F. (2d) 141. A duty was placed upon the appellant to stop loading when it discovered that the barge was in a condition of danger. Metcalfe v. Chiarrello (C. C. A.) 294 F. 29; The Robert R. (C. C. A.) 255 F. 37.

[2] There is testimony that the barge captain, upon order of the foreman of the appellant, caulked a leak; but this was an insufficient repair, if it was made. The leak was such as to put a person of the experience of appellee's loading foreman on guard as to the unseaworthiness of the vessel. Its true condition could have been ascertained by a more careful examination. The District Judge heard the witnesses in open court, and had full opportunity to judge the weight of their testimony, and we will not disturb his findings on the facts. The Perry Setzer (C. C. A.) 299 F. 587; Donovan v. N. Y. Trap Rock Co. (C. C. A.) 271 F. 309.

Decree affirmed.